```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
          FORT WORTH DIVISION
```

ROBERT RAMIREZ, §
(TDCJ No.01911664), §
 §
    **Plaintiff,** §
 §
**v.** § CIVIL ACTION No.4:17-CV-760-Y
 §
T.S. O'BRIEN, *et al.,* §
 §
    **Defendants.** §

## OPINION and ORDER OF DISMISSAL
## UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

This case is before the Court for review of pro-se-inmate/plaintiff Robert Ramirez's complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

### I. BACKGROUND/COMPLAINT

Ramirez has filed a form civil-rights complaint with attachment pages seeking recovery from government officials for alleged violations of his constitutional rights.(Complaint (doc. 3) at 3-4; 7-24.) Ramirez names as defendants T.S. O'Brien and Thomas Boetcher, detectives, Fort Worth police department; and three Fort Worth police officers, Lee Blaisdell, Mike Haley, and Curtis Alexander. (*Id*. (doc. 3) at 3, 6.) Ramirez recites that in March 2012, while investigating a possible murder of Ricky Soto, Detective O'Brien violated police procedures in investigating him, and by not interrogating another suspect that was already on parole for another murder. (*Id.* (doc. 3) at 3.) Ramirez alleges that Detective Boetcher prepared a misleading police report by rearranging and changing Ramirez's statement to officers by inaccurately recording and

inventing portions of his statement. (*Id.*) Ramirez alleges this resulted in the two detectives' using "false police reports and police investigation in the plaintiff's homicide case for an unconstitutional arrest." (*Id.* (doc. 3) at 7.) Ramirez seeks as relief from this Court a declaration that his constitutional rights were violated, an "injunction ordering all defendants to stop all illegal actions," and compensatory and punitive damages. (*Id.* (doc. 3) at 26.)

**II.   SCREENING UNDER § 1915A and § 1915(e)(2)(B)**

As noted, as Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2)(B). Both § 1915A(b) and § 1915(e)(2)(B) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it

2

fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

**III. ANALYSIS**

**A.    Duplicative Lawsuit**

In his complaint, Ramirez acknowledged that he has previously filed a civil suit in this the Northern District of Texas, assigned to this the "Y" docket as *Ramirez v. Abdal-Khallaq, Et Al.*, No. 4:17-CV-093-Y (N.D. Tex.). Ramirez failed to list another case in the district in which he sought relief through a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Ramirez v. Davis*, No.4:17-CV-733-A (N.D. Tex. Dec, 18, 2018). Ramirez also failed to note that the claims he asserted in case number 4:17-CV-093-Y arise from the same underlying facts and events made the basis of this case, including extensive claims against two of the defendants in this case—Detectives O'Brien and Boetcher. *See Ramirez v. Abdal-Khallaq, Et Al.*, No. 4:17-CV-093-Y (N.D. Tex.)(Am. Complaint (doc. 10) at

3-4, 6-8.)[1] In the amended complaint in that case, Ramirez asserted several different claims against several defendants arising from his investigation, arrest, and prosecution on an initial murder charge, and his subsequent prosecution and conviction for aggravated assault causing serous bodily injury. (*Id.* (doc. 10) at 3-17.) This included Ramirez's extensive claims challenging his investigation and arrest by detectives O'Brien and Boetcher. (*Id.* (doc. 10) at 3-4, 6-8.)

Upon review of that complaint under the § 1915A(b) and § 1915(e)(2)(B) screening provisions, this Court dismissed all claims against all defendants, including the claims against Boetcher and O'Brien with prejudice "to being asserted again until the *Heck v. Humphrey* [512 U.S. 477 (1994)]conditions are met [citing *Johnson v, McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)], under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)." Opinion and Order of Dismissal, No.4:17-CV-093-Y.

The United States Court of Appeals for the Fifth Circuit has held that ". . . IFP complaints may be dismissed as frivolous pursuant to [former] § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850(5th Cir. 1989)(citations omitted). The Fifth Circuit earlier found no abuse of discretion in a district court's determination that an in-forma-pauperis action similar to one previously dismissed, may be

---

[1] The Court takes judicial notice of its own records of this the Northern District of Texas in this prior suit. *See* Fed. R. Evid. 201 (b)(2).

4

dismissed as frivolous or malicious:

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *See Robinson v. Woodfork,* No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan,* No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F. Supp. 690 (S.D. Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of [former] section 1915(d).

*Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988)(other citations omitted). Furthermore, principles of res judicata serve to bar all claims that were brought or could have been brought based on the same operative factual nucleus. *Mcgill v. Juanita Kraft Postal Service,* No. 03-CV-1113, 2003 WL 21355439, at *2 (N.D. Tex. June 6, 2003), *rep. and rec. adopted*, 2003 WL 21467745 (N.D. Tex June 18, 2003). A complaint is thus malicious and subject to dismissal under §§ 1915A and 1915(e)(2)(B) "when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation." *Id.*(quoting *Pittman v. Moore,* 980 F.2d 994, 994-95 (5th Cir. 1993)).

At the time Ramirez filed this lawsuit in September 2017, his prior complaint in case number 4:17-CV-093-Y was then pending, but not yet resolved. The Fifth Circuit has extended the logic above to support dismissal of a duplicative suit filed subsequent to a

5

pending action. *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009)(noting that in-forma-pauperis cases duplicative of a pending or previous lawsuit are malicious)(citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)(affirming district court's holding that "it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff") and *Bailey*, 846 F.2d at 1021)).

Ramirez's present lawsuit includes both repetitive litigation of the same claims he asserted against T.S. O'Brien and Thomas Boetcher, new claims against these detectives arising from the same underling facts and new claims against three other Fort Worth police officers, that he could have asserted in the prior lawsuit.[2] Ramirez's allegations and claims as presently stated in this suit all arise from the same common nucleus of operative facts asserted in the prior suit number 4:17-CV-093-Y, and are thus foreclosed from review in this proceeding as duplicative and under the traditional notions of *res judicata. See generally Silva v. Stickney*, No. 3:03-CV-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sep. 30, 2005) ("[C]ourts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action seeks to relitigate claims already decided against the *in forma pauperis* plaintiff or when the action

---

[2] The court has reviewed carefully Ramirez's twenty pages of single-spaced handwritten attachments, and has not found any factual recitations against the three other named police officers, Lee Blaisdell, Mike Haley, and Curtis Alexander.(Complaint (doc. 3) at 6–26.) But any claims against these defendants asserted on the facts alleged in this suit appear to arise out of the same arrest and investigation of Ramirez made the basis of the prior suit and thus must also be dismissed with prejudice as duplicative. Alternatively, to the extent Ramirez has claims against these three persons that are unrelated to his arrest and prosecution for murder and aggravated assault causing serious bodily injury, those claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

6

seeks to raise claims that could have been brought on the same facts"), *rep. and rec. adopted*, (N.D. Tex. October 20, 2005); *see also Brown v. Thomas,* No. 3:02-CV-0673-M, 2002 WL 31757616, at *3–4 (N.D. Tex. Dec. 3, 2002)(adopting magistrate judge's analysis of *Bailey,* and recommendation that case should be dismissed as duplicative even though earlier case had been dismissed without reaching merits). Therefore, Ramirez's claims as stated in this suit therefore must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i).

## V. ORDER

Therefore, all claims in this case are **DISMISSED WITH PREJUDICE** as frivolous under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i). Alternatively, to the extent Ramirez has claims against Lee Blaisdell, Mike Haley, and Curtis Alexander unrelated to his arrest and prosecution for murder and aggravated assault causing serious bodily injury, any such claims are **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

SIGNED February 21, 2019.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE